**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-40315**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOE MONTEZ RAMIREZ,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(B-01-CR-385-1)**

_____

December 31, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Joe Montez Ramirez, convicted of failure to surrender for sentencing (convicted of possession of cocaine with intent to distribute), appeals his sentence-adjustment, based on obstruction of justice, pursuant to U.S.S.G. § 3C1.1. He contends no evidence supported the determination that he acted with the mental state required for the adjustment.

In April 2001, Ramirez failed to surrender for service of sentence. For over two months, he failed to appear. During that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

time, members of his family reported him drowned.  Ramirez was ultimately arrested on unrelated charges and pleaded guilty to knowingly failing to surrender for service of sentence.  (Ramirez acknowledged at re-arraignment in November 2001 that, following his failure to surrender, he evaded efforts to find him.  At sentencing in February 2002, although the district court may have had that admission before it, it did not note it in imposing the adjustment.  Accordingly, we do not consider it.)

The district court found that Ramirez knowingly obstructed the investigation of the failure to appear charge by either planning the fictitious drowning or simply failing to clarify that he was not drowned in the two months following the failure to appear.  *See* U.S.S.G. §2J1.6, comment. n.2.  The district court did not clearly err in this factual finding, and, therefore, did not err in imposing the adjustment.  ***United States v. Lister***, 53 F.3d 66, 71 (5th Cir. 1995).

*AFFIRMED*